# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RICHARD FAGAN,                          :
                                        :
      **Plaintiff,**                 :
                                        :    **Civil Action No.:**
  **v.**                                :
                                        :
FEDERAL EXPRESS CORPORATION,            :
                                        :    **January 14, 2022**
      **Defendant.**                :
                                        :

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("FedEx") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446 and removes this action from the State of Connecticut Superior Court, Judicial District of Waterbury at Waterbury, to the United States District Court for the District of Connecticut. As its reasons for removal, FedEx states:

1.      By Summons and Complaint, Plaintiff Richard Fagan ("Plaintiff") commenced a civil action against FedEx in Connecticut Superior Court titled *Richard Fagan v. Federal Express Corporation,* Docket No. UWY-CV22-6063693-S  (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on FedEx is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon FedEx in this action to the present date. 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within 30 days of the date FedEx was served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     The Summons and Complaint state that Plaintiff is a citizen of the State of Connecticut.

5.     The Summons and Complaint further state that FedEx is a Delaware corporation with a principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

6.     This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

7.     Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Waterbury at Waterbury.  28 U.S.C. § 1446(d).

WHEREFORE, FedEx respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Respectfully submitted,

*/s/ Lindsay M. Rinehart*
Maura A. Mastrony (ct27787)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
mmastrony@littler.com
lrinehart@littler.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of January, 2022, a copy of the foregoing was sent

via email to all counsel and pro se parties of record as follows:

James V. Sabatini
Sabatini and Associates, LLC
1 Market Square
Newington, CT 06111
jsabatini@sabatinilaw.com

*/s/ Lindsay M. Rinehart*
Lindsay M. Rinehart

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 Grand Street; Waterbury, CT 06702 | ( 203 ) 591 – 3300 | 01/25/2022 |

| ☒ Judicial District   ☐ Housing Session | ☐ G.A. Number: | At (City/Town) Waterbury | Case type code (See list on page 2) Major: **M**   Minor: **90** |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number ( 860 ) 667 – 0839 | Signature of plaintiff (if self-represented) |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: FAGAN, Richard   Address: 117 Clinton Street; 3rd Floor; Waterbury, CT 06710 | P-01 |
| **Additional plaintiff** | Name:   Address: | P-02 |
| **First defendant** | Name: FEDERAL EXPRESS CORPORATION; 3610 Hacks Cross Road; Memphis, Tennessee 38125   Address: Agent: CT Corporation System; 67 Burnside Avenue; East Hartford, CT 06108-3408 | D-01 |
| **Additional defendant** | Name:   Address: | D-02 |
| **Additional defendant** | Name:   Address: | D-03 |
| **Additional defendant** | Name:   Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants:1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 12-__-2022 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing James V. Sabatini, Esquire |
|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date | |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

RETURN DATE:   January 25, 2022

| | | |
|---|---|---|
| **RICHARD FAGAN** | : | **SUPERIOR COURT** |
| **VS.** | : | **WATERBURY JUDICIAL DISTRICT** |
| **FEDERAL EXPRESS CORPORATION** | : | **DECEMBER 22, 2021** |

## COMPLAINT

1.      Plaintiff Richard Fagan was and is a Connecticut citizen residing in the City of Waterbury.

2.      Defendant Federal Express Corporation was and is a Delaware corporation with a principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

3.      Defendant employs over 900 employees in the State of Connecticut.

4.      Defendant operates a facility located at 35 Mountain View Road, Watertown, Connecticut 06795.

5.      Defendant hired plaintiff in November 2016.

6.      Plaintiff's job position was Courier (Non-DOT). He worked out of the Watertown facility.

7.      Plaintiff was qualified for the job.

8.      Plaintiff suffers from kidney stones and migraines.

9.      The kidney stones and migraines are chronic.

10.     The migraines adversely affect plaintiff's sleep.

11.     Plaintiff uses prescription medical marijuana to treat his migraines and kidney stones.

1

12.    Pursuant to C.G.S. §21a-408d, plaintiff's physician submitted the required forms to the Department of Consumer Protection ("DCP") to complete his registration as a "qualifying patient" authorizing him to use medical marijuana for palliative care.

13.    Plaintiff was certified as a qualifying patient and issued a registration certificate.

14.    During the period of time the plaintiff has been taking prescription cannabis, he has never been impaired or otherwise unable to perform the duties of his job.

15.    In July 2020, defendant was informed that plaintiff was prescribed medical marijuana for the kidney stones, migraines and to assist sleeping.

16.    After learning of plaintiff's prescription of medical marijuana, defendant prohibited plaintiff from working as a Courier (Non-DOT).

17.    Plaintiff's use of medical marijuana does not take place during his working hours and does not interfere with the performance of the essential functions of the job.

18.    Nevertheless, because defendant was refusing to allow plaintiff to work his job; the plaintiff requested an accommodation.

19.    Specifically, plaintiff requested that he be allowed to take his prescription medicine for his disability during non-working hours and during time periods that would not interfere with his ability to perform the essential functions of his job safely.

20.    Defendant denied the accommodation request on or about July 15, 2020.

21.    Defendant continued to deny plaintiff work and pay.

22.     Defendant notified plaintiff that he could return to his position as a Courier/Non-DO: "if you voluntarily agree to discontinue the use of marijuana on the condition that you voluntarily submit to follow-up testing for a period of two years."

23.     Defendant set a ninety (90) day deadline for the plaintiff to find a "non-driving, non-safety sensitive job position that he was qualified to do.

24.     Defendant has failed to engage in the reasonable accommodation interactive process in good faith.

25.     Defendant has denied plaintiff work and wages because of his disability.

26.     Plaintiff was to earn a promotion but the defendant then denied the promotion because of disability discrimination.

27.     On or about September 25, 2020, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

28.     The CHRO case filed on or about September 25, 2020 was assigned the CHRO case number 2130167.

29.     On or about September 24, 2020, defendant terminated plaintiff's employment claiming that plaintiff violated the company's Alcohol and Drug-Free Workplace policy.

30.     Plaintiff appealed the defendant's termination decision utilizing the company's internal complaint process.

31.     On November 9, 2020, defendant notified plaintiff that his appeal was denied.

32.     Defendant received notice of plaintiff's CHRO Complaint prior to November 9, 2020.

3

33.     Defendant terminated plaintiff because of disability discrimination (actual or regarded as).

34.     Defendant refused to accommodate plaintiff's use of prescription medication to control his chronic kidney stones and migraines.

35.     Defendant retaliated against plaintiff for filing a CHRO case and opposing disability discrimination.

36.     On or about July 8, 2021, plaintiff filed his second CHRO complaint against the defendant.

37.     Plaintiff received releases of jurisdiction from the CHRO on or about September 30, 2021 and December 22, 2021. (Ex.1)

## FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 37 above as if fully incorporated herein.

38.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1) *et seq.* in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

4

(e)     In that defendant intentionally discriminated against the plaintiff on the basis of his disability (actual or regarded as);

(f)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

(g)     In that defendant failed to re-hire plaintiff because of his disability.

39.     As a direct and proximate result of defendants' unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

40.     As a direct and proximate result of defendants' discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

41.     As a further result of defendants' termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

42.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 42 as though fully set forth herein.

43.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1) *et seq*. in one or more of the following ways:

5

(a)   In that defendants failed to provide the plaintiff with a reasonable accommodation;

(b)   In that defendants effectively denied the plaintiff a reasonable accommodation;

(c)   In that defendants failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)   In that defendants failed to engage in an interactive reasonable accommodation process with the plaintiff.

44.   As a direct and proximate result of defendants' failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

45.   As a further direct and proximate result of defendants' failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendants' employee benefits plan, and interest.

46.   As a further result of defendants' failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

47.   Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## THIRD COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(4))

1.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

48.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(b)(1) *et seq.* in one or more of the following ways.

a.     In that defendant retaliated against the plaintiff for requesting a reasonable accommodation;

b.     In that defendant retaliated against plaintiff for opposing employment discrimination; and

c.     In that defendant retaliated against plaintiff for filing a CHRO complaint.

49.     As a result of defendants' violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered harms and losses including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

50.     As a further result of defendants' retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

51.     Plaintiff has suffered and will continue to suffer harms and losses as a result of defendants' wrongful and retaliatory acts.

## FOURTH COUNT
### (Violation of C.G.S. §21a-408p – the Palliative Use of Marijuana Statute, Treatment of Student, Tenant or Employee Due to Status as Qualifying Patient or Primary Caregiver)

1.      Plaintiff repeats the allegations in paragraphs 1 through 51 above as if fully incorporated herein.

52.      Defendant is an employer within the meaning of C.G.S. §21a-408p(a).

53.      Plaintiff was prescribed medical marijuana by her physicians to treat a debilitating medical condition.

54.      Pursuant to C.G.S. §21a-408d, plaintiff's physician submitted the required forms to the Department of Consumer Protection ("DCP") to complete his registration as a "qualifying patient" authorizing her to use medical marijuana for palliative care.

55.      Plaintiff was certified as a qualifying patient and issued a registration certificate.

56.      During the period of time the plaintiff has been taking prescription cannabis, he has never been impaired or otherwise unable to perform the duties of his job.

57.      Plaintiff is a "qualifying patient" within the meaning of C.G.S. §21a-408a (10).

58.      Defendant knew that plaintiff was taking prescription cannabis.

59.      C.G.S. §21a-408p(b)(3) prohibits an employer from discriminating against an individual by refusing to hire, discharging, penalizing or threatening an employee based on their status as a qualified patient under the statue.

60.      By discharging plaintiff because he is qualified patient, the defendant has violated the law pursuant to C.G.S. §21a-408p(b)(3).

61.      As a result of defendant's conduct as described above, the plaintiff has suffered and continues to suffer harms and losses including lost wages, benefits, and other rights and

privileges of employment.

      62.    As a result of defendant's conduct as described above, the plaintiff has suffered serious emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

fill in the rest

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; attorneys' fees; costs; interest; consequential damages; prejudgment interest; job reinstatement; punitive damages pursuant to the CFEPA ; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 22nd day of December, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

**STATE OF CONNECTICUT**

**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Rich Fagan
**COMPLAINANT**                                                            CHRO No. 2130167

vs.

                                                                                          EEOC No. 16A-2021-00053

Federal Express Corporation
**RESPONDENT**

## <u>**RELEASE OF JURISDICTION**</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:** September 30, 2021                          Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel:  mmastrony@littler.com

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Rich Fagan
**COMPLAINANT**

CHRO No.   2230014

vs.

EEOC No.   16A-2021-01153

FedEx Express Corporation
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** 12/22/2021

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

**Service:**
Complainant: jsabatini@sabatinilaw.com
Respondent: mmastrony@littler.com

# **<u>EXHIBIT B</u>**

| | | |
|---|---|---|
| **DOCKET NO:  UWY-CV22-6063693-S** | : | **SUPERIOR COURT** |
| | : | |
| **RICHARD FAGAN,** | : | **J.D. OF WATERBURY** |
| | : | |
| **Plaintiff,** | : | **AT WATERBURY** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL EXPRESS CORPORATION,** | : | **JANUARY 14, 2022** |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |

## NOTICE TO SUPERIOR COURT OF FILING
## OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Federal Express Corporation ("FedEx") today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut.  A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

*/s/ Lindsay M. Rinehart*
Maura A. Mastrony (ct27787)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
mmastrony@littler.com
lrinehart@littler.com

1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th day of January, 2022, a copy of the foregoing was sent

via email to all counsel and pro se parties of record as follows:

James V. Sabatini
Sabatini and Associates, LLC
1 Market Square
Newington, CT 06111
jsabatini@sabatinilaw.com

*/s/ Lindsay M. Rinehart*
Lindsay M. Rinehart
