UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RICHARD FAGAN,** : | |
| : | |
| **Plaintiff,** : | Civil Action No.: 3:22-CV-00073-SALM |
| v. : | |
| **FEDERAL EXPRESS CORPORATION,** : | |
| : | February 18, 2022 |
| **Defendant.** : | |
| : | |
| : | |
| : | |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the Court, and jointly propose the following management plan:

| | |
|---|---|
| Date Complaint Served: | December 27, 2021 |
| Date Complaint Filed: | December 28, 2021 |
| Notice of Removal: | January 14, 2022 |
| Date of Defendant's Appearance: | January 18, 2022 |
| Answer Filed: | January 21, 2022 |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on various dates via e-mail communication. The participants were: James V. Sabatini as attorney for Plaintiff Richard Fagan ("Plaintiff"); and Lindsay M. Rinehart as attorney for Defendant Federal Express Corporation, ("Defendant").

**I.** **Certification:** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation

with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction**

    **A.** **Subject Matter Jurisdiction**

This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1332 (diversity jurisdiction.) The parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

    **B.** **Personal Jurisdiction**

Personal jurisdiction is not contested in this matter.

**III. Brief Description of Case**

    **A.** **Claims of Plaintiff:** Plaintiff alleges the following counts:

(1) Disability Discrimination in Violation of C.G.S. §46a-60(b)(1); (2) Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1); (3) Retaliation in Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(4); and (4) Violation of C.G.S. §21a-408p — the Palliative Use of Marijuana Statute, Treatment of Student, Tenant or Employee Due to Status as Qualifying Patient or Primary Caregiver.

    **B.** **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) of Defendant:** The Defendant generally denies that it engaged in any unlawful activity with respect to Plaintiff and defers to the responses and affirmative defenses pled in its Answer, which it filed on January 21, 2022. Defendant specifically denies (1) that it discriminated against Plaintiff on the basis of his age in violation of C.G.S. §46a-60(b)(1); (2) that it failed to accommodate Plaintiff in violation of C.G.S. §46a-60(b)(1); (3) that it retaliated against

Plaintiff in violation of C.G.S. §46a-60(b)(1); and (4) that it violated the Palliative Use of Marijuana Statute, C.G.S. §21a-408p.

      **C.**      **Defenses and Claims of Third-Party Defendant:** N/A

**IV.**    **Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Plaintiff was employed by Defendant.
2. Plaintiff's employment with Defendant has ended.

**V.**    **Case Management Plan**

      **A.**      **Initial Disclosures**

Initial Disclosures will be served by March 1, 2022.

      **B.**      **Scheduling Conference**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

      **C.**      **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not likely at this time.

2. The parties do not request an early settlement conference.

       3.      The parties prefer that any settlement conference, when held, be before a magistrate judge.

       4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.**    **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

       1.      Plaintiff should be allowed until February 28, 2022, to file motions to join additional parties and until February 28, 2022, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

       2.      The Defendants should be allowed until March 28, 2022, to file motions to join additional parties and until March 28, 2022, to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.**    **Discovery**

       a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26 (b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

       b.      The parties anticipate that discovery will be needed on the following subjects:

1. All facts and circumstances pertaining to Plaintiff's claims and the allegations in the Complaint.
2. All facts and circumstances pertaining to Defendant's affirmative defenses and specific defenses.
3. All facts and circumstances pertaining to any other facts alleged in the complaint, including but not limited to Plaintiff's hiring, performance, purported disability, separation from employment, and mitigation efforts.
4. All facts and circumstances relating to Plaintiff's alleged damages.
5. All facts and circumstances related to Defendant's reasons for separating Plaintiff's employment.

The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests in accordance with the Federal Rules of Civil Procedure and applicable case law.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence upon the filing of this report and will be completed (not propounded) by November 28, 2022.

d. Discovery will not be conducted in phases.

e. N/A

f. Plaintiff anticipates he will require up to 5 depositions of fact witnesses. Defendant anticipates it will require 3-5 depositions of fact witnesses. The depositions may commence upon the filing of this report and will be completed by November 28, 2022.

g. The parties reserve the right to request permission to serve more than 25

interrogatories.

   h. Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 29, 2022.  Depositions of any such experts will be completed by November 28, 2022.

   i. Defendant may call expert witnesses at trial, including rebuttal expert witnesses.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 26, 2022.  Depositions of any such experts will be completed by November 28, 2022.

   k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 15, 2022.

   l. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  If ESI discovery becomes necessary, the parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: The parties will take appropriate steps to preserve all relevant electronic information related to the claims in this case.  The parties will take appropriate steps to preserve all relevant electronic information and will notify third parties to preserve all relevant electronic information.  Any electronic information produced in this litigation shall be done either on disc, thumb drive, or through electronic file sharing, at the non-producing party's option.  Unless otherwise ordered by

the Court, the producing party shall bear the cost of any such production. However, if the non-producing party requests a more expensive or cumbersome form of production than could be otherwise undertaken by the producing party, the parties will assume joint responsibility for the expenses. Issues not addressed by this paragraph will be addressed as the case progresses.

      m.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: The parties agree to utilize Local Rule 26's privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

Upon receipt of written notice of the alleged inadvertent disclosure, the receiving party, without prejudice to contesting the applicability of any claim of privilege or attorney work product, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection and they agree that the dispute is substantive, the party asserting the existence of such privilege or protection shall file

a motion for protective order with the Court.

The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. The parties agree to work with each other in good faith to resolve any discovery dispute.

**F.     Other Scheduling Issues**

N/A

**G.     Dispositive Motions**

Dispositive motions will be filed 60 days after discovery closes.

**H.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days of the Court's ruling on any dispositive motion, or, if no such motion is filed, within 90 days of the close of discovery.

**VI.    TRIAL READINESS**

The case will be ready for trial within sixty (60) days after the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |

**On behalf of Plaintiff
RICHARD FAGAN**

*/s/ James Sabatini*
James V. Sabatini (ct19899)
Sabatini and Associates, LLC
1 Market Square
Newington. CT 06111
jsabatini@sabatinilaw.com

*Counsel for Plaintiff*

**On behalf of Defendant FEDERAL EXPRESS CORPORATION**

*/s/ Lindsay M. Rinehart*
Maura A. Mastrony (ct27787)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
mmastrony@littler.com
lrinehart@littler.com

*Counsel for Defendant*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 18, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ *Lindsay M. Rinehart*
Lindsay M. Rinehart (ct30921)