```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
RICHARD FAGAN                 :    Civil No. 3:22CV00073(SALM)
                              :
v.                            :
                              :
FEDERAL EXPRESS CORPORATION   :    February 22, 2022
                              :
------------------------------X
```

### SCHEDULING ORDER AND CASE MANAGEMENT PLAN

Based, in part, on the Report of Parties' Planning Meeting [Doc. #14], the following dates are hereby set by the Court as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1:

**Pleadings and Joinder**: Any motion to amend the complaint or join parties must be filed by the plaintiff no later than **February 28, 2022.** Any motion to amend the answer or join parties must be filed by the defendant no later than **March 28, 2022.** Any motion to amend the pleadings or join parties filed after these dates will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

**Damages Analysis**: Any party with a claim or counterclaim for damages shall serve a damages analysis on opposing counsel, in compliance with Rule 26(a)(1)(A)(iii), on or before **March 1, 2022.** Any party that is required to serve a damages analysis

1

shall serve an <u>updated</u> damages analysis on opposing counsel 14 days after the close of discovery.

**Discovery Deadlines:**

Initial Disclosures pursuant to Rule 26(a)(1) must be exchanged by **March 1, 2022.**

All discovery will be **completed** (not propounded) by **November 28, 2022.** In order to ensure that this deadline is met, all written discovery requests must be **propounded** on or before **September 30, 2022.**

Requests for admission are limited to twenty (20) in number (including subsections) without further order of the court.

**Discovery Relating to Expert Witnesses**: Unless otherwise ordered, any party intending to call an expert witness must comply with Fed. R. Civ. P. 26(a)(2). Parties must designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **July 29, 2022.** Depositions of any such experts must be completed by **November 28, 2022.**

Parties must designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **September 26, 2022.** Depositions of such experts must be completed by **November 28, 2022.**

Any motion related to preclusion of an expert must be filed by **December 12, 2022.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due under the Rules of Civil Procedure**. Ordinarily, that will mean any motion to compel must be filed **within 60 days of the service of the request.** If the Court has previously expressly granted an extension of the deadline for serving the response at issue, any motion to compel must be filed **within 30 days of the extended response deadline.**

If the parties are negotiating in good faith in an attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must comply fully with the Local Rules, as well as the Federal Rules of Civil Procedure. Counsel are directed to review Local Rule 37 before filing any discovery motion. Failure to comply with the Local and Federal Rules, and with this Order, may result in summary denial of any such motions.

**Dispositive Motions**: Any motion for summary judgment or for judgment on the pleadings must be filed no later than **January 27, 2023.**

**Joint Trial Memorandum**: A joint trial memorandum shall be filed on or before **February 27, 2023,** or 30 days after a ruling is issued on any summary judgment motion, whichever is later. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

**Joint Status Reports of Counsel**: A joint status report of counsel shall be filed on or before **May 20, 2022.** The report must address the matters that are relevant to the case at the time and provide each of the following items:

>  **(1)** a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;
>
>  **(2)** the remaining deadlines set in the case, and whether the parties expect to seek any extensions of those deadlines;
>
>  **(3)** any amendments to pleadings or additional parties contemplated;
>
>  **(4)** whether the parties expect to file any dispositive motions;
>
>  **(5)** whether the parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial; and

**(6)** a representation that counsel have conferred with each other and their clients on the question of whether to seek referral for a settlement conference.

Joint status reports of counsel addressing each of these matters shall be filed **every three months** thereafter until the matter is resolved, that is, on **August 19, 2022; November 18, 2022;** and corresponding dates in the future if this case has not been resolved. If a motion for summary judgment has been filed, or a firm trial date has been set, no further status reports are required.

**Extensions of Time:** All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this order. A motion to extend an interim or final discovery deadline will not be granted unless the movant shows that discovery was commenced promptly <u>and pursued with diligence</u> in a good faith effort to comply with the deadline established by this Order. **Any motion for extension of a deadline must comply with all aspects of Local Rule 7. If a motion for extension of time does not fully comply with the Federal and Local Rules, it may be summarily denied.**

**Settlement:** The parties are encouraged to discuss settlement as soon as possible. Nearly all civil cases settle. The sooner the parties look seriously at the possibility for settlement, the less expensive the litigation of the case will be for the parties. The Court understands that it may be necessary to conduct some discovery before the parties can engage in a productive mediation. If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference. But the parties may begin settlement discussions at any time, on their own, through a private mediator, or with the assistance of a Magistrate Judge.

The parties are advised that the Magistrate Judges are extremely busy, and may not be able to conduct settlement discussions on short notice; conferences are often scheduled 60 to 90 days in advance, or even further. Accordingly, counsel should seek a referral for settlement discussions **at the earliest possible date.** To do so, counsel for any party may file a brief motion for a referral to a Magistrate Judge, representing that counsel for all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

It is so ordered at New Haven, Connecticut, this 22nd day of February, 2022.

```
                                    /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES DISTRICT JUDGE
```